**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

BRIGHT HEAD LLC,

      Plaintiff,

      v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"

      Defendants.

Case No. 26-cv-404

JURY TRIAL DEMANDED

**VERIFIED COMPLAINT**

Plaintiff Bright Head LLC (referred to herein as "Plaintiff") hereby brings the present action against all Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A (collectively, "Defendants"), attached hereto, and states as follows:

**I.     JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction), and seeks injunctive relief, monetary damages, and other appropriate relief against the Defendants identified in Schedule A.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities so as to target consumers in the United States, including Texas, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A

1

attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Texas residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Texas, accept payment in U.S. dollars and, on information and belief, sell products which infringe Plaintiff's patented inventions, as described below, (collectively, the "Unauthorized Products") to residents of Texas. Each of the Defendants is committing tortious acts in Texas, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Texas.

## II.    INTRODUCTION

3.    Plaintiff filed this case to prevent e-commerce store operators who infringe upon Plaintiff's patented invention from further selling and/or offering for sale Unauthorized Products. The existence of Unauthorized Products has hampered Plaintiff's ability to enter and expand its footprint in the market, a market within which Plaintiff should have exclusionary rights under its patent.

4.    Defendants create e-commerce stores under one or more Seller Aliases and then advertise, offer for sale, and/or sell Unauthorized Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share identifiers, such as design elements and similarities of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal their identities, locations, and the full scope and interworking of their infringing operation. Plaintiff

is forced to file this action to combat Defendants' infringement of its patented invention, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through loss of market share (including the inability to generate and expand market share) and erosion of Plaintiff's patent rights because of Defendants' actions and therefore seeks injunctive and monetary relief.

### III.    THE PARTIES

5.    Plaintiff, Bright Head LLC, is a Delaware Limited Liability Company registered to do business in the State of New York with its principal place of business at 400 Rella Blvd, #156, Montebello, NY 10901.

6.    Plaintiff Bright Head LLC is the owner, by assignment, of all right, title, and interest in US Patent No. 10,928,052 ("Plaintiff's Patent"). A true and correct copy of Plaintiff's Patent is attached hereto as **Exhibit 1**.

7.    Plaintiff's Patent was issued on February 23, 2021. *See* **Exhibit 1**.

8.    Plaintiff's Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

9.    Plaintiff's Patent covers a hands-free headlamp system for an item of headwear.

10.    Specifically, Claim 1 of the Plaintiff's Patent reads:

A headlamp system comprising;

a first housing including

a headwear fastener;

an energy storage affixed to the housing ;

a headlamp connected to the housing, electrically connected to the

energy storage , and oriented to illuminate a workspace; and

a controller connected to the housing, electrically connected to the

energy storage, and connected to the headlamp ; and

a second housing including a motion sensor connected to the controller.

*See*, **Exhibit 1**.

11.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV.     DEFENDANTS' UNLAWFUL CONDUCT

12.     After purchasing the patent, Plaintiff began developing a line of products which embody Plaintiff's Patent ("Plaintiff's Products"), which it brought to market. Plaintiff sells Plaintiff's Products direct-to-consumer through its website, through various retailers, and through its stores on third-party marketplaces.

13.     However, the success of the invention claimed in Plaintiff's Patent has resulted in significant infringement of Plaintiff's Patent. The significant infringement has hampered Plaintiff's ability to generate and expand market share for Plaintiff's Products. Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"). True and correct copies of the

screenshot printouts showing the active e-commerce stores operating under the Seller Aliases reviewed are attached as **Exhibit 2**.

14.     Defendants have targeted sales to Texas residents by setting up and operating e-commerce stores that target United States consumers, including those in Texas, using one or more Seller Aliases, offer shipping to the United States, including Texas, accept payment in U.S. dollars and sell and/or offer for sale Unauthorized Products to residents of Texas.

15.     Defendants concurrently employ and benefit from similar advertising and marketing strategies. For example, some Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars in multiple ways, including via credit cards, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish their stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use Plaintiff's Patents, and none of the Defendants are authorized retailers of Plaintiff's Products.

16.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

17.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like

Defendants to conceal their identities and the full scope and interworking of their infringing operation, and to avoid being shut down.

18.    Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other common features, such as registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Products for sale by the Seller Aliases bear similar irregularities and indicia, suggesting that the Unauthorized Products were manufactured by and come from a common source and that Defendants are interrelated.

19.    E-commerce store operators like Defendants frequently communicate through QQ.com chat rooms and utilize websites such as sellerdefense.cn, which offer tactics for managing multiple online marketplace accounts and evading detection by intellectual property owners. These platforms not only provide technical guidance on avoiding enforcement actions but also actively monitor newly filed intellectual property lawsuits in the United States. Upon detection, they alert store operators of impending enforcement by publishing blog posts or bulletins and recommending that operators immediately cease infringing activities, liquidate financial accounts, and switch payment processors to avoid asset restraint.

20.    Notably, Chinese law firms and service agencies play an active role in this process—monitoring U.S. filing systems in real time and using that information to solicit business from accused infringers.

6

21.     As a result, this ecosystem has evolved into a lucrative industry—not only for the infringing sellers, but also for the service providers who profit from helping them exploit intellectual property loopholes and avoid accountability. *See*, Figure 1, which is a screenshot of sellerdefense.cn, translated from Chinese to English by the default translator in the Mozilla Firefox browser, taken on January 6, 2026, showing a list of Schedule "A" cases filed as recently as January 5, 2026 in the United States, as well as QR codes to join WeChat groups and to connect infringing sellers to "United States law firm case settlement agent[s]."



*Figure 1*

22.    Infringers, such as Defendants, typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement. E-commerce store operators like Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

23.    Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff have, jointly and severally, knowingly and willfully infringed Plaintiff's Patent in connection with the use and/or manufacturing of Unauthorized Products and distribution, offering for sale, and sale of Unauthorized Products into the United States and Texas over the Internet

24.    Defendants' unauthorized use and/or manufacturing of the invention claimed in Plaintiff's Patent in connection with the distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Texas, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights is irreparably harming Plaintiff.

### COUNT I – PATENT INFRINGEMENT (15 U.S.C. § 271)

25.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

26.    As shown, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or

license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Patent.

27.     As shown in the claim charts attached hereto as **Exhibit 3**, the products being sold by each Defendant infringes at least Claim 1 of Plaintiff's Patent, under multiple theories of infringement. The claim charts of **Exhibit 3** is illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart only includes Claim 1, Plaintiff alleges that Defendants have infringed each and every claim of Plaintiff's Patent.

28.     Specifically, Defendants have infringed and continue to infringe each and every claim of Plaintiff's Patent by making, using, importing, selling, and/or offering to sell their infringing products in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendants have also indirectly infringed Plaintiff's Patent by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff's exclusive rights.

29.     Defendants have profited by their infringement of Plaintiff's Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

30.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of Plaintiff's Patent in connection with the offering to sell, selling, or importing of products that infringe Plaintiff's Patent, including such acts into the State of Texas, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling,

offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

31.    Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

32.    Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of Plaintiff's Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

33.    Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## COUNT II – UNFAIR COMPETITION (15 U.S.C. §1125(a))

34.    Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

35.    Despite Plaintiff having valid and enforceable patents, which were embodied in Plaintiff's Products, and sold to consumers in what should have been an otherwise exclusive market, Defendants have developed, manufactured, imported, advertised, and/or sold Unauthorized Products by make advertising claims in active concert and in a manner likely to increase sales of Unauthorized Products at the expense of Plaintiff.

36.    Furthermore, Defendants' infringing activity, coupled with their shared manufacturing and advertising practices, has prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

37.    On information and belief, Defendants are shipping Unauthorized Products to the United States so that orders on Amazon.com can be fulfilled quickly, including with a two-day "Prime" delivery window. *See* **Exhibit 2**, showing that Defendants do offer Prime 2-day shipping.

38.    Defendants' use of Seller Aliases through third-party marketplaces permits obfuscation of their identities while continuing to ship Unauthorized Products into the U.S.

39.    On information and belief, Defendants have offered to sell and knowingly sold Unauthorized Products with the understanding that, as foreign entities, any enforcement efforts by Plaintiff would be difficult as many countries, including and especially China, make enforcement efforts of foreign IP difficult and collection of any judgments highly improbable.

40.    On information and belief, to the extent enforcement efforts are made against Defendants, Defendants will merely ignore the efforts if they are permitted to move any assets out of their marketplace accounts and can easily create new accounts for online marketplaces to sell Unauthorized Products – with little recourse available to Plaintiff.

41.    Additionally, since Defendants can obfuscate their identities, there is little to no recourse for Plaintiff through other means, such as the International Trade Commission.

42.    Defendants have engaged in a pattern of unfair competition by operating storefronts in e-commerce marketplaces with the intent to defraud U.S. customers with infringing goods and evade legal and financial responsibilities for their infringement.

43.    Specifically, Defendants have been observed engaging in the following unlawful activities:

a.    Exploitation of Marketplace Accounts: Defendants systematically divert funds from marketplace accounts into personal or untraceable accounts, thereby unlawfully extracting financial resources from the marketplace.

b. Unlawful Storefront Closure: Upon being detected or facing financial scrutiny, Defendants promptly close their storefronts to avoid further investigation or legal consequences.

c. Reopening Under New Entities: After closing the storefronts, Defendants frequently reopen new business entities or storefronts under different names, thereby circumventing legal and financial accountability and continuing their infringing activities.

44.    Collectively, these actions constitute unfair competition as Defendants fool consumers into purchasing infringing products, undermine fair market practices, and harm both the integrity of the marketplace and legitimate competitors.

45.    Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)    That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patent; and

b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent.

2)    Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as

Amazon, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's Patent.

3)   That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Patent.

4)   That Judgment be entered against Defendants finding that infringement of Plaintiff's Patent has been willful.

5)   That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

6)   That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of Plaintiff's Patent.

7)   A finding that this case is exceptional under 35 U.S.C. § 285.

8)   A finding that Defendants engaged in unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

9)   That Plaintiff be awarded its reasonable attorneys' fees and costs.

10)  Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date:    January 23, 2026                              Respectfully submitted,


 /s/ Justin Poplin
Justin Poplin, WDTX #21598
Joseph Hooper, WDTX #77011
**AVEK IP LLC**
7285 W. 132nd St., Ste. 340
Overland Park, KS 66213
(913) 499-1284
jpoplin@avekip.com
jhooper@avekip.com


/s/ Sameeul Haque
Sameeul Haque (*pro hac vice* forthcoming)
samee@h3lp.law
Haque III Legal Practice, LLC
205 N. Michigan Ave., Ste. 810
Chicago, IL 60601
T: 847.401.6113

*Counsel for Plaintiff, Bright Head, LLC*

## VERIFICATION

I, Sason Gabay, hereby certify as follows:

1.      I am the Chief Executive Officer for Bright Head LLC. As such, I am authorized to make this Verification on Bright Head LLC's behalf.

2.      I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3.      I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in ___New York_____ on January _7___, 2026.


_____*Sason Gabay*_____
Sason Gabay
Manager
Bright Head LLC