**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| BRIGHT HEAD LLC, | |
| Plaintiff, | Case No. 26-cv-404 |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PART-NERSIIIPS, and UNINCORPORATED AS-SOCIATES IDENTIFIED ON SCHEDULE "A," | |
| Defendants. | |

## <u>MOTION FOR ALTERNATIVE SERVICE</u>

Plaintiff Bright Head LLC ("Plaintiff") respectfully submits this Motion for Alternative Service pursuant to Fed. R. Civ. P. 4(f)(3). Plaintiff requests that the Court issue an order permitting Plaintiff to effectuate service of process by electronic mail to email addresses identified in Exhibit 2 (Doc. 1) to the Verified Complaint and any email addresses provided for Defendants by third parties.

## I.    INTRODUCTION

Plaintiff brought this suit to stop Defendants' unfair methods of competition and enforce its patent rights associated with Plaintiff's Patent, as defined by Plaintiff's Verified Complaint (Doc. 1) and copies of Plaintiff's Patent attached thereto as Exhibit 1, with full and sole control over any enforcement and exploitation, via exclusive license, by the Plaintiff. As alleged in the Verified Complaint, each of the Defendants has marketed and offered for sale, sold, and/or imported into the United States products that violate Plaintiff's rights to the Plaintiff's Patent,

through online marketplaces that permit Defendants to obscure their identities. By using online marketplaces, Defendants can make their products available to consumers without exposing contact information or, at best, providing only minimal contact information. As a result, Plaintiff has limited contact information of questionable accuracy for Defendants. Nevertheless, based on the operations of their stores and merchant accounts, as well as the other allegations contained in the Verified Complaint, Plaintiff believes Defendants are all foreign entities. By this motion, Plaintiff seeks an order from the Court in accordance with Fed. R. Civ. P. 4(f)(3) permitting Plaintiff to serve Defendants through alternative means; namely, by email and/or electronic message.

Federal Rule of Civil Procedure 4(f)(3) permits alternative service in these circumstances because the means of service proposed by Plaintiff are not prohibited by international agreement and comport with due process. Likewise, service through alternative means will avoid any delay in effecting service on Defendants and permit this case to move forward in a timely fashion.

## II.    BACKGROUND OF DISPUTE

As noted, Defendants use online marketplaces (*e.g.*, Amazon.com) to sell their products to consumers. Defendants may also set up e-commerce websites of their own. On information and belief, Defendants do not sell their products through traditional "brick and mortar" stores of their own or of distributors. Additionally, on information and belief, Defendants use drop shipping options to avoid the need to maintain inventory of their infringing goods. That is, Plaintiff believes that Defendants collect orders and either have an importer or manufacturer ship the products directly to consumers, or ship bulk inventory to their online retailers (such as Amazon.com) and instruct those online retailers to complete shipments. Accordingly, Plaintiff has only minimal contact information of unknown accuracy for each Defendant.

### III.    LEGAL STANDARD

Service upon a business entity that is located outside of the United States is governed by Fed. R. Civ. P. 4(h)(2), which in turn permits service in any manner permitted by Rule 4(f) (governing service of an individual in a foreign country), with the exception of personal service under Rule 4(f)(2)(C)(i).  Rule 4(f) provides multiple manners of effecting service, and the Seventh Circuit has not addressed whether any particular manner of service must be attempted before requesting court-ordered service under Rule 4(f)(3).

Other courts have explicating found that Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *See, e.g. Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id*. at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id*. As stated above, alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *STC.UNM*, 2019 U.S. Dist. LEXIS 231994, at *4. Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (*citing Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018)) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not affected pursuant to the Hague Convention, and the agreement does not displace Rule 4(f)(3)."). Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly

appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods…" because of the injunctive relief sought by Plaintiff. *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (*citing* 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)).

## IV.    ARGUMENT

This Court may allow Plaintiff to serve Defendants via e-mail, and Plaintiff hereby respectfully requests that its Motion be granted and that it be permitted to served Defendants under Fed. R. Civ. P. 4(f)(3).

### A.    Court-Ordered Service Under Fed. R. Civ. P. 4(f)(3) is Warranted in This Case

It is not necessary to demonstrate efforts to serve a defendant under other sections of Rule 4 before moving for court-ordered service under Rule 4(f)(3). *See Rio Props.*, 284 F.3d at 1015-16; discussion *supra*. Rather, Plaintiff need only show a justification for allowing alternative service, not that other methods of service would be ineffective.

Here, court-ordered service under Rule 4(f)(3) is warranted at least because there is a need for speedy service that cannot be met by serving under the Hague Convention. *See Strabala* 318 F.R.D. at 114. After filing its Verified Complaint (Doc. 1), Plaintiff is filing a motion for a temporary restraining order against Defendants and plans to move for a preliminary injunction in due course. As outlined in that motion, and similarly supported in the Verified Complaint itself, there is ongoing infringement and a reasonable concern that Defendants will disappear with their ill-gotten gains in the absence of prompt injunctive relief. For Defendants to appear and present any contrary arguments in opposition to the preliminary injunction, if any, they first need to be served. A prolonged service process will impede the Court's ability to address the injunctive relief in a timely manner.

Likewise, the particular facts of this case warrant permitting court-ordered service under Rule 4(f)(3) because Plaintiff has no way to confirm the facts necessary for successful service under the Hague Convention. In particular, while Plaintiff has been able to discover limited contact information for Defendants, Plaintiff cannot confirm the Defendants' actual corporate status; that is, whether they are corporations, limited liability companies, or even individuals that control the subject merchant accounts and online identities and merely do business under an assumed business name.  It would simply be impossible for Plaintiff to complete paperwork for service under the Hague Convention with a significant degree of confidence that the paperwork would not be rejected several months later as incomplete or inaccurate.

### B.    The Proposed Methods of Service Are Not Prohibited by International Agreement

Plaintiff proposes serving Defendants through electronic message to their online merchant accounts (through which they have conducted their infringement) or to the email address associated with those accounts (where available).

Service by electronic means is not prohibited by the Hague Convention.  Rather, Courts have routinely held that a country's objection to Article 10 of the Hague Convention (which would have permitted service through "postal channels") is distinct from the proposed alternative means. For example, while discussing email, one court noted: "[w]hile there is some disagreement on this issue, numerous courts have held that service by e-mail does not violate the Hague Convention, even when the destination country has objected to service through postal channels under Article 10." *SEC v. China SkyOne Med., Inc.*, No. CV 12-07543-MWF (MANx), 2013 U.S. Dist. LEXIS 202424, at *5-6 (C.D. Cal. Aug. 20, 2013) (Citing cases and holding that "[t]he better argument is that e-mail is sufficiently distinct from postal channels that the two should not be equated under the Hague Convention.  Therefore, China's objection to the means of service specified in Article

10 does not prevent service by e-mail"). Thus, the requested service is not prohibited by any international agreement.

### C.    The Proposed Methods of Service Comport with Due Process

"Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *Rio Properties*, 284 F.3d at 1016. Compliance with the notions of due process requires that the method of service be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Messages sent via Amazon and Temu are reliable and directly connected to the platform where the infringement is occurring. Email is reliable and trackable. If necessary, third-party services that secure, certify, and confirm transmission, delivery, and (potentially) opening of emails can be used. *See e.g., Microsoft Corp. v. Goldah.Com Net. Tech. Co.*, No. 17-CV-02896-LHK, 2017 U.S. Dist. LEXIS 168537, at *12-13 (N.D. Cal. Oct. 11, 2017) (discussing utilization of the third-party service "RPost"). Email and electronic messages are also inexpensive and easily re-sent over a series of days to increase the chance that they are received and reviewed. Numerous courts have held that email is reliable enough to comport with due process, particularly where the defendant's internet conduct is at issue. *See e.g., Microsoft*, 2017 U.S. Dist. 168537, at *14-15 ("As other courts in [the Northern District of California] have noted, where defendants conduct commercial internet activities, email service is reasonably calculated to apprise them of the suit and thus comports with due process." (citing *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 U.S. Dist. LEXIS 42160, at *4-6 (N.D. Cal. Mar. 27, 2012)); *see also Rio Properties*, 284 F.3d at 1016 (listing email among the wide variety of Court authorized means of service). Thus, email is reasonably calculated to provide notice.

**D.      Judicial Economy Would be Served by Ordering Alternative Service**

As shown above, court-ordered service under Rule 4(f)(3) is particularly well-suited to the needs of this case and the proposed manner of service, because it is reasonably calculated to provide notice in this instance and comports with due process requirements. The requested service will also help increase judicial economy and ensure that this case is not bifurcated between different defendants based merely on their location or speed of service. All of the Defendants in this case are accused of infringing upon Plaintiff's patent rights in the same manner. Accordingly, the facts relevant to the dispute with each Defendant largely overlap, and discovery is expected to be somewhat redundant and consistent from one Defendant to another (assuming each Defendant is even a truly separate entity). It would best serve judicial economy to conduct this process in unison between the various Defendants rather than having Plaintiff duplicate the process with each Defendant on a different schedule from the rest of the Defendants.

**V.      DEFENDANTS' CONTACT INFORMATION FOR SERVICE**

As noted above, Plaintiff requests court-ordered service through email or electronic message. Specifically, Plaintiff requests to effect service by sending an email or electronic message to the merchant accounts listed on Schedule A to the Verified Complaint.

**VI.     CONCLUSION**

For the reasons outlined above, Plaintiff respectfully requests that its Motion be granted and that it be permitted to serve Defendants under Fed. R. Civ. P. 4(f)(3) by email or electronic message.

Date:   January 23, 2026                         Respectfully submitted,

                                                 /s/ Justin Poplin
                                                 Justin Poplin, WDTX #21598
                                                 Joseph Hooper, WDTX #77011
                                                 AVEK IP, LLC
                                                 7285 W. 132nd Street, Suite 340
                                                 Overland Park, KS 66213
                                                 Phone:(913) 499-1284
                                                 jpoplin@avekip.com
                                                 jhooper@avekip.com

                                                 /s/ Sameeul IIaque
                                                 Sameeul Haque (*pro hac vice* forthcoming)
                                                 samee@h3lp.law
                                                 Haque III Legal Practice, LLC
                                                 205 N. Michigan Ave., Ste. 810
                                                 Chicago, IL 60601
                                                 T: 847.401.6113

                                                 *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on 1/23/2026, a true and correct copy of the foregoing was electronically filed with the United States District Court for the Western District of Texas and electronically served upon all parties having filed an appearance in this matter via the Court's CM/ECF notice of electronic filing.

<u>/s/ Justin Poplin</u>
Justin Poplin