IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Case No. 5:26-cv-00404-FB-HJB

BRIGHT HEAD LLC,
Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, and UNINCORPORATED
ASSOCIATES IDENTIFIED ON SCHEDULE "A,"
Defendants.
_____/

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE OT STATE A CLAIM FOR RELIEF

Defendants COSOOS (Seller ID A3W36I5V2U0XU9) and SEVENKA (Seller ID A34FB722RTTDL5, Shenzhen Xinghuoliaoran Technology Co., Ltd.) (collectively, "Moving Defendants"), by and through undersigned counsel, move pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2) to dismiss the Verified Complaint (Dkt. 1) with prejudice for failure to state a claim upon which relief can be granted. This motion is supported by the attached Memorandum of Law, and the Declaration of Defendant Representative(s) that will be submitted separately.

**MEMORANDUM OF LAW**

**I. INTRODUCTION**

This Court lacks personal jurisdiction over Moving Defendants because any alleged contacts with Texas (e.g., sales or shipments of the accused products) arise solely from test orders or purchases induced by Plaintiff or its agents/counsel. Such manufactured contacts are

not attributable to Defendants and do not satisfy due process requirements for specific jurisdiction.

Secondly, Plaintiff alleges direct infringement of U.S. Patent No. 10,928,052 (the "'052 Patent"), entitled "Hands-Free Headlamp System," by Moving Defendants' sale of rechargeable LED headlamps on Amazon. The '052 Patent claims a headlamp system attachable to headwear, with all key components—headwear fastener, energy storage, light source, motion sensor, and controller—mechanically coupled to a single housing. (See '052 Patent, Claim 1 (issued version): "a housing including headwear fastener... light source mechanically coupled to the housing... motion sensor mechanically coupled to the housing... controller mechanically coupled to the housing...").

The Complaint fails to plausibly allege infringement because the accused products are conventional, integrated headlamps with all components in one unitary housing/body, not a system with distinct housings or separated elements as required by the claims. Plaintiff's theory—that the entire headlamp product constitutes "Housing 1" while a portion containing the motion sensor/controller is somehow "Housing 2"—is a post-hoc, unsupported reinterpretation that contradicts the plain language of Claim 1, the specification, and the prosecution history. This renders the infringement claim implausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff previously asserted the same patent against similar defendants in the Northern District of Illinois (Case Nos. 1:24-cv-13410 and 1:25-cv-11144), where two separate judges denied preliminary injunctions after finding likely non-infringement based on the single-housing

requirement. (Exs. B & C). Re-filing here with the same flawed theory does not cure the deficiency.

## II. LEGAL STANDARD

### 1. Personal Jurisdiction

 - Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction.

 - Specific jurisdiction requires: (1) purposeful minimum contacts by the defendant with the forum; (2) claims arising out of/relating to those contacts; and (3) reasonableness.

 - Contacts must be the defendant's own, not plaintiff's unilateral acts (*Walden v. Fiore*, 571 U.S. 277, 286 (2014); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003)).

### 2. Failure to State a Claim for Relief

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when the pleaded facts allow the court to draw the reasonable inference that the defendant is liable. *Id.*

## III. THE '052 PATENT CLAIMS REQUIRE A SINGLE HOUSING FOR ALL ELEMENTS

Claim 1 (as issued) recites:

A hands-free headlamp system for an item of headwear, the hands-free headlamp system comprising:
1. A headlamp system comprising;

> a first housing including
>
>> a headwear fastener;
>>
>> an energy storage affixed to the housing ;

>   a headlamp connected to the housing, electrically connected to the energy storage , and oriented to illuminate a workspace; and a controller connected to the housing, electrically connected to the energy storage, and connected to the headlamp ; and
>
>   a second housing including a motion sensor connected to the controller.

*See* Complaint, ECF No. 1, ¶ 10.

The plain meaning of Claim 1 is that the headlamp contains two housings, with one housing for motion sensor only. However, Plaintiff, after two failures of prosecutions in Illinois Northern District Court, changed an interpretation by claiming Housing 2 is inside Housing 1, and because Defendant's products have only one housing, thus, since Housing 1 contains Housing 2, there is no difference between Housing 1 and Housing 2. Below Defendants will elaborate how Plaintiff distorted Claim 1 in order to fit into its false accusation.

In the Claim Chart (Ex. 3 of Complaint, 24-1 for Defendant COSOOS, p. 2; 49-2 for Shenzhen Xinghuolianran Tech, p. 2), Plaintiff claimed Housing 1 includes the entire product. See Figure 1 below for screenshot from the Claim Chart.



**Figure 1: Housing 1 in Claim Chart**

Then, in order to accuse Defendants one housing products under Claim 1, Plaintiff stated that Housing 2 is part of Housing 1. See Figure 1 below for the screenshot of Housing 2 in the Claim Chart.



**Figure 2: Housing 2 in Housing 1**

Claim 1 never stated that Housing 1 contains a motion sensor. Nor does it state that it contains Housing 1. The plaint language of Claim 1 is Housing 1 contains certain accessories and

Housing 2 contains motion sensor. However, Plaintiff purposely distort the languages of Claim 1 in order to frame Defendants into this Court, being aware of its past two failures in ILND. Besides, this contradicts the claims' plain meaning ("mechanically coupled to the housing"—singular).

This Court has discretion to adjudicate such a implausible claim at the beginning of litigation to avoid further unnecessary prosecution. In *UTTO Inc. v. Metrotech Corp.*, No. 2023-1435 (Fed. Cir. Oct. 18, 2024), the court stated:

> Doing so reflects the logical relationship of claim construction to infringement and the normal function of courts deciding whether to grant a Rule 12(b)(6) motion. Adjudicating a claim of infringement generally requires a two-step analysis: "[T]he court first determines the scope and meaning of the claims asserted, and then the properly construed claims are compared to the allegedly infringing device (for an apparatus claim) or allegedly infringing act (for a method claim)." *Niazi Licensing Corp. v. St. Jude Medical S.C., Inc.*, 30 F.4th 1339, 1350 (Fed. Cir. 2022) (citing *CommScope Technologies LLC v. Dali Wireless Inc.*, 10 F.4th 1289, 1295 (Fed. Cir. 2021)).

*Id*., at 993.

Plaintiff's Complaint shall be dismissed for failure to state a claim for relief.

**IV. THE ACCUSED PRODUCTS DO NOT INFRINGE AS A MATTER OF LAW**

The accused products (COSOOS Rechargeable Headlamp, ASIN B09NM8JC9L; SEVENKA models, ASINs B09BNYCSY7, B09NKX977W, B0CNRFVXPS) are unitary, rechargeable LED headlamps with integrated batteries, LEDs, motion sensor, and controller—all housed in one plastic/structural body. (Ex. 2 to Complaint, product images/screenshots, 24-1, p. 2; 49-1, p. 4; 49-2, p. 4; 49-4, p. 4). Two sample products are demonstrated below in Figure 3 (Ex. 2 to Complaint, 24-1, p. 4) and 4 (49-1, p. 4) below. There is no separate "second housing" or distinct mechanical coupling for the motion sensor/controller apart from the main body.



**Figure 3: COSOOS Product Sample**



**Figure 2: Shenzhen Xinghuolianran Sample Product**

## V. NO PERSONAL JURISDICITION

The Complaint's allegations of infringement (e.g., offers for sale/shipments into Texas) rely on test purchases orchestrated by Plaintiff.

These are not Defendants' purposeful availment but Plaintiff's induced activity. Courts reject such contacts as insufficient (citing Oceanside Health Products and similar cases).

Moving Defendants have no other known sales/shipments to Texas, no targeting of Texas, with two orders that were placed by Plaintiff as test orders.

## VI. DISMISSAL WITH PREJUDICE IS WARRANTED

The deficiency is substantive, not curable by amendment. Plaintiff has twice failed to secure injunctive relief on the same patent/theory in ILND, and this re-filing in Texas does not change the claim language or accused product designs. Dismissal with prejudice is appropriate to prevent further vexatious litigation.

## VII. CONCLUSION

For the foregoing reasons, the Court should grant this motion and dismiss the Complaint against Moving Defendants with prejudice.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu
Florida Bar No. 1007675
The Law Offices of Jianyin Liu, PLLC
15750 Southwest 92nd Avenue, Unit C
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com

Attorney for Defendants COSOOS and SEVENKA

**Certificate of Service**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

By: /s/ Jianyin Liu