IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRIGHT HEAD LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-26-CV-00404-FB |
| | § | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE A, | § § § § § | |
| | § | |
| *Defendants*. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF No. 71) concerning Plaintiff's Motion for Entry of a Preliminary Injunction (ECF No. 34), Defendants Cosoos and Sevenka's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim for Relief (ECF No. 32); and Defendant Eatelsin's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim for Relief (ECf No. 46), along with Plaintiff's written objections (ECF No. 76) thereto and Defendants' (ECF No. 77) response.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will

make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

The Court has thoroughly analyzed Plaintiff's submission in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (ECF No. 71) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's Motion for Entry of Preliminary Injunction (ECF No. 34) is DENIED WITHOUT PREJUDICE; Cosoos and Sevenka's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim for Relief (ECF No. 32) is GRANTED IN PART; Eatelsin's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim (ECF No. 46) is GRANTED IN PART; and Plaintiff's claims against Cosoos, Sevenka, and Eatelsin are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

It is so ORDERED.

SIGNED this 8th day of September, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE